IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL DEFENSE CENTER,<br><br>            Plaintiff,<br><br>     v.<br><br>H&H WELDING; JOHNSON TRAN, an individual; PARKROSE AUTO CENTER, LLC, an Oregon domestic limited liability company; SUKHVINDER SINGH BRAR, an individual; JASPAL KAUR BRAR, an individual,<br><br>            Defendants. | 3:13-cv-653-AC<br><br>OPINION AND ORDER |

ACOSTA, Magistrate Judge:

*Pending Motion*

Northwest Environmental Defense Center ("NEDC") filed this Complaint for injunctive and declaratory relief and civil penalties under the Federal Water Pollution Control Act, commonly referred to as the Clean Water Act, 33 U.S.C. §§ 1251-1387. NEDC brings this citizen suit under

1 - OPINION AND ORDER

section 505(a)(1) of the Clean Water Act, 33 U.S.C. §1365(a)(1), against H&H Welding and its owner, Johnson Tran, and Parkrose Auto Center, LLC, and two of its corporate officers, Sukhvinder Singh Brar and Jaspal Kaur Brar, for past and continuing violations of the Clean Water Act. NEDC alleges all defendants are discharging industrial stormwater into the Columbia Slough without a permit, in violation of the Clean Water Act, 33 U.S.C. § 1311(a). According to NEDC, the violations are ongoing as of the date of the Complaint. NEDC seeks declaratory and injunctive relief and the imposition of civil penalties resulting from these violations, along with an award of costs and attorney fees pursuant to 33 U.S.C. § 1365(d).

NEDC filed its Complaint on April 16, 2013. Sukhvinder Brar filed an Answer on May 14, 2013, and Johnson Tran filed an Answer on May 24, 2013. Neither Jaspal Kaur Brar nor the corporate defendants have entered an appearance in this case. On June 21, 2013, NEDC filed a Motion for Leave to File Plaintiff's First Amended Complaint. NEDC explains an Amended Complaint is necessary because the unpermitted discharge of stormwater runoff from an industrial facility into the Columbia slough continues from the same facility but the operation has changed names, a new corporate entity has been created, and some of the owners and operators have changed roles.

Specifically, the auto dismantling operation 5242 NE Columbia Blvd., Portland, Oregon, 97218 (the "Facility") has changed names from Parkrose Auto Center, LLC to Parkrose Auto Recycling, LLC. The new corporation, Parkrose Auto Recycling, LLC, was recently formed by an employee of the original operation – Parkrose Auto Center, LLC – Moyata Anotta. NEDC seeks leave to amend its pleading to join this new corporate entity and its owner. In addition, NEDC will include a Third Claim for Relief under § 1311(a) against Parkrose Auto Recycling, LLC, and Moyata

2 - OPINION AND ORDER

Anotta. No opposition to NEDC's motion has been filed. For the reasons set forth below, NEDC's motion is granted.

*Legal Standard*

Under FED. R. CIV. P. 15(a)(1), a party may amend its pleading once as a matter of course before being served with a responsive pleading or within 21 days after serving the pleading, if a responsive pleading is not allowed. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). When deciding whether to grant leave to amend, the court considers four factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Texaco, Inc. v. Ponsoldt,* 939 F.2d 794, 798 (9th Cir. 1991). Rule 15 requires "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The court recognizes that a liberal standard is applied to motions for leave to amend. *AmerisourceBergen Co. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

*Discussion*

According to NEDC, the premise underlying the cause of action in the original Complaint and the proposed Amended Complaint is the same: the unlawful and unpermitted discharge of stormwater associated with an industrial activity to a water of the United States. *See* 33 U.S.C. § 1311(a) ("Except in compliance with [various provisions of the Clean Water Act] the discharge of any pollutant by any person shall be unlawful."). NEDC explains the original Complaint challenged the actions by two sets of actors: the landowner, Johnson Tran and his business, H&H Welding; and the original tenant and operator, Parkrose Auto Center, LLC, and its responsible corporate officers,

Sukhvinder Brar and Jaspal Brar. The Amended Complaint seeks to add the new actors, who have continued the same, unlawful conduct – namely Moyata Anotta and Parkrose Auto Recycling, LLC.

In addition, NEDC proposes amending the Complaint to add a Third Claim for Relief against the current operator of the facility, Parkrose Auto Recycling, LLC, and Moyata Anotta. In support of this claim, NEDC revised and updated the factual background and allegations underlying the claims presented and the relief requested to describe the actions the various defendants have taken over the past several months to shift control of the dismantler operation from one corporate entity to another.

    *A.*    *Undue Delay*

A party's undue delay and failure to explain the reason for the delay weigh against leave to amend under Rule 15. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir.1996); *Texaco, Inc.*, 939 F.2d at 799. Nevertheless, delay alone, no matter how lengthy, cannot justify denial of a motion to amend. *See, e.g., Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) (Ninth Circuit will reverse a denial of a motion for leave to amend in the absence of a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment.)

Here, NEDC contends it moved to amend its pleading at the earliest possible moment. Based upon the information available to NEDC at the time of the original Complaint, it appeared Parkrose Auto Center, LLC, operated the auto dismantling at the facility. In fact, Parkrose Auto Center, LLC, did not cease its operations at the Facility until April 19, 2013, three days after the Complaint was filed. On January 23, 2013, shortly before filing the Complaint, NEDC did discover the Facility manager, Moyata Anotta, had formed a new corporate entity, Parkrose Auto Recycling, LLC. Subsequent review of available public records revealed Parkrose Auto Recycling, LLC, received a

4 - OPINION AND ORDER

Dismantler Certificate from the Oregon Department of Motor Vehicles on February 29, 2013. Although this new information raised some questions about who technically was in charge of the operation, based upon the information available at the time NEDC reasonably believed Parkrose Auto Center, LLC, was operating at the Facility.

In an effort to resolve the confusion and to identify the operator of the Facility, on April 16, 2013, NEDC sent a new sixty-day Notice of Intent to Sue – a prerequisite to a citizen suit enforcement action under the Clean Water Act – to Parkrose Auto Center, LLC, and its officers, and Parkrose Auto Recycling, LLC, and Moyata Anotta. Subsequent information received by NEDC established Parkrose Auto Recycling, LLC, assumed control over the dismantling operation at the Facility at some point on or around April 19, 2013.

While NEDC was aware control of the operation had changed hands, pursuant to the Clean Water Act's citizen suit provision, 33 U.S.C. § 1365(b), it could not file an Amended Complaint until sixty days after that notice letter was sent. The sixty-day notice period ended on June 15, 2013. Under these circumstances there was no undue delay and this factor weighs in favor of granting NEDC leave to amend its Complaint.

*B. Bad Faith*

Here, the initial and Amended Complaints have the same objective: to ensure the facility in question comes into compliance with the Clean Water Act. That the control of the Facility was shifting from Parkrose Auto Center, LLC to Parkrose Auto Recycling, LLC around the time of the Complaint was information exclusively in defendants' control, and was not provided to NEDC. As set forth above, NEDC became aware of the existence of the new corporate entity as it was finalizing the original Complaint. At that time, the relationship between the new company and the Facility was

5 - OPINION AND ORDER

not clear. It was only after the Complaint was filed and a second Notice of Intent to Sue was sent that NEDC was able to understand the operations at the Facility changed hands. Based upon this information, NEDC intends to proceed with this enforcement action against all parties that have caused or contributed to the Clean Water Act violations at the site. There is no evidence in the record of bad faith or a dilatory motive on NEDC's part. As such, this factor weighs in favor of granting NEDC leave to amend its Complaint.

C.   *Prejudice*

There will be no undue prejudice if NEDC is allowed to amend its Complaint to name two additional defendants. Particularly as neither the actors nor the alleged conduct in violation of the law have changed. Rather, the change is simply in the corporate entity and the individual taking the lead in operating the Facility. Arguably, it is defendants' actions that have necessitated an amendment. Moreover, the litigation is in the earliest stages and, in fact, several defendants have not yet filed an Answer. NEDC represents it has contacted some, but not all, of defendants in this case, and it is NEDC's understanding none of the defendants have retained counsel. In addition, neither of the two defendants who have appeared in this case filed an opposition to NEDC's request for leave to amend. Under the circumstances, there is no prejudice to any defendant in this case. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (court finds prejudice based upon the nullification of prior discovery, the burden of necessary future discovery, and the relitigation of a suit brought by its insurer regarding the liability of the two parties on appellants' claims). Accordingly, this factor weighs in favor of granting NEDC leave to amend its Complaint. *See id.* (prejudice to the opposing party is the most important factor).

D. *Futility*

In the Ninth Circuit futility of an amendment alone will justify the denial of a motion for leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also, Lopez v. Smith*, 203 F.3d 1122, 1129-30 (9th Cir. 2000) (*en banc*) (confirming district court's authority to dismiss without leave to amend where amendment would be futile). However, a proposed amendment is futile only if no set of facts can be proved under the amendment which would constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

In its First Amended Complaint, NEDC alleges three claims against the various individual defendants and their related entities under § 1311(a) of the Clean Water Act for discharge of pollutants without a permit. Sections 301(a) and 402 of the Clean Water Act, 33 U.S.C. §§ 1311(a) and 1342, prohibit the discharge of pollutants, from a point source, into waters of the United States without a National Pollutant Discharge Elimination System ("NPDES") permit or in violation of such a permit. Section 402(p)(3)(A) of the Clean Water Act specifically subjects the discharge of pollutants through stormwater associated with industrial activities to the prohibition and permitting requirements that apply to any other point source discharge of a pollutant. 33 U.S.C. § 1342(p)(3)(A). Federal and state regulations define "stormwater" as "storm water runoff, snow melt runoff, and surface runoff and drainage." 40 C.F.R. § 122.26(b)(13); OR. ADMIN. R. 340-045-0010(27). NEDC alleges all defendants: (1) are engaged in industrial activities for which the associated discharge of stormwater requires a NPDES permit, *see* 40 C.F.R. § 122.26(b)(14); Exhibit 3, 1200-COLS NPDES Permit; (2) have discharged and continue to discharge stormwater from a point source or point sources at an industrial facility into waters of the United States; and (3) do not have a NPDES permit for the discharge of stormwater from the facility.

7 - OPINION AND ORDER

Based upon the allegations in the First Amended Complaint, accepted as true, NEDC has stated a plausible legal theory that is not subject to dismissal at this juncture. As such, NEDC's proposed amendments are not futile, and this factor weighs in favor of granting NEDC leave to amend.

## *Conclusion*

Based upon the foregoing, NEDC's Motion for Leave to File Plaintiff's First Amended Complaint (#11) is GRANTED. NEDC's First Amended Complaint must be filed within 14 days of this decision.

IT IS SO ORDERED

DATED this 5th day of September 2013.

JOHN V. ACOSTA
United States Magistrate Judge